```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
KEVIN J. POTTS,                         :
                                        :   Case No. 3:18-cv-451
        Petitioner,                     :
                                        :
vs.                                     :   OPINION & ORDER
                                        :
WARDEN NEIL TURNER,                     :
                                        :
        Respondent.                     :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 26, 2018, Petitioner Kevin J. Potts, an Ohio inmate serving a 17-year felonious assault and aggravated burglary sentence, petitioned this Court for habeas corpus relief under 28 U.S.C. § 2254.[1] On February 22, 2021, the Court denied Potts's petition.[2]

Petitioner Potts has appealed this Court's habeas petition ruling[3] and now requests a Certificate of Appealability. For the reasons stated below, the Court **DENIES** Petitioner Potts a Certificate of Appealability on his confrontation and double jeopardy claims but **GRANTS** Potts a Certificate of Appealability on his sufficiency of the evidence claim.

### I.  LEGAL STANDARD

Habeas corpus petitioners are not entitled to appeal this Court's decision by right.[4] Rather, the Antiterrorism and Effective Death Penalty Act first requires a § 2254 petitioner to request and obtain a Certificate of Appealability before proceeding with an appeal.[5]

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 14.
[4] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[5] *Id.*

Case No. 3:18-cv-451
Gwin, J.

To obtain a Certificate of Appealability, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[6]

## II. DISCUSSION

### A. Confrontation Claim

As the Court explained in the initial petition denial order, Potts indisputably defaulted his confrontation claim by entirely omitting it from his Ohio Supreme Court notice of appeal and failing to present a timely ineffective assistance of appellate counsel claim under Ohio Appellate Rule 26(B).[7]

Potts was not entitled to counsel at either the discretionary direct appeal or Rule 26(B) motion stage.[8] Therefore, Potts's confrontation claim default cannot be excused by ineffective assistance of counsel.[9] Reasonable jurists would not debate this outcome, and Potts is not entitled to a Certificate of Appealability on this claim.[10]

### B. Double Jeopardy Claim

Similarly, this Court is bound by the Ohio courts' interpretation of Ohio law in assessing a double jeopardy violation.[11] Because the Ohio Court of Appeals decision affirming Potts's sentence was not based on an unreasonable determination of the facts

---

[6] *Id.* at 338 (citing *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).
[7] Doc. 13 at 14–15.
[8] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Coleman v. Thompson*, 501 U.S. 722, 757 (1991) ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas.").
[9] *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").
[10] *Miller-El*, 537 U.S. at 338 (citing *Slack*, 529 U.S. at 484).
[11] *Volpe v. Trim*, 708 F.3d 688, 696–97 (6th Cir. 2013).

Case No. 3:18-cv-451
Gwin, J.

rebutted by clear and convincing evidence,[12] no double jeopardy violation occurred in Potts's state court proceedings.[13] Reasonable jurists would not debate this outcome, and Potts is not entitled to a Certificate of Appealability on this claim.[14]

### C. Sufficiency of the Evidence Claim

The Court, however, will grant a Certificate of Appealability for Potts's sufficiency of the evidence claim. Although the Court continues to believe that Potts's habeas petition is distinguishable from the successful petition in *Nash v. Eberlin*[15] for the reasons stated in the habeas petition denial order, reasonable jurists might nevertheless debate this outcome, given the similarities between this case and *Nash*.

### III.  CONCLUSION

For these reasons, the Court **DENIES** Petitioner Potts a Certificate of Appealability on his confrontation and double jeopardy claims but **GRANTS** Potts a Certificate of Appealability on his sufficiency of the evidence claim.

IT IS SO ORDERED

Dated: July 21, 2021            *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 2254(d)(2), (e)(1).

[13] *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014) ("At worst, the state court incorrectly applied Ohio's allied offenses statute to determine the legislature's intent. Habeas relief, especially when circumscribed by § 2254(d)(1), is not available for such alleged errors.") (footnote omitted).

[14] *Miller-El*, 537 U.S. at 338 (citing *Slack*, 529 U.S. at 484).

[15] *Nash v. Eberlin*, 258 F. App'x 761 (6th Cir. 2007).